IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 96-00093-KD-C |
| | ) |
| JOHNNIE WATTS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Johnnie Watts' Petition for Sentence Reduction and/or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (doc. 62).  Upon consideration, and for the reasons set forth herein, the Petition pursuant to the CARES Act is **DENIED**.  However, Watts is GRANTED leave to file an **Amended Petition** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), on or before **September 10, 2020** to address the deficiencies set forth herein. **Watts is warned that failure to file an amended petition will result in denial of the current Petition.**

I. Background

In 1996, Watts was convicted by a jury of the offense of carjacking and using and carrying a firearm during and in relation to that offense (doc. 20, order on jury trial).  United States District Judge Alex T. Howard sentenced Watts to a total term of imprisonment of 222 months (doc. 38, Judgment).  The conviction and sentence were affirmed on appeal (doc. 49). Watts is presently incarcerated at Federal Correctional Institution Edgefield.  He is now 65 years old.  His estimated release date is August 6, 2021.

II. Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Watts states that he "exhausted all of his administrative remedies" (doc. 32, p. 3). He has the burden to establish entitlement to consideration for compassionate release. See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case."). However, Watts does not meet his burden by simply stating that he exhausted his administrative remedies. He should provide the Court with evidence to support his statement.

As to the merits, Watts cites to Policy Statement § 1B1.13 in the United States Sentencing Guidelines, which is the applicable policy statement for 18 U.S.C. § 3582(c)(1)(A), and the Application Notes, which list examples of extraordinary and compelling reasons that could warrant consideration of a petition for compassionate release and other criteria. U.S.S.G. § 1B1.13 cmt. n. 1-5. Watts then states that he "does not pose a threat to any other person or to the community" and that "evidence of rehabilitation from his own case file evidences 'Extraordinary

and Compelling' circumstances" (doc. 32, p. 2-4).  He also states that he "meets the Medical Condition and Family Circumstances", he "has a verifiable medical condition", he is "suffering from serious physical and medical conditions", and he "is also experiencing deteriorating physical and/or mental health as a result of his age and physical condition"  all as "reflected in his medical file" (Id.).  He also state sthat that the Covid-19 pandemic in combination with his medical conditions provides extraordinary and compelling reasons other than those identified in the Application Notes for compassionate release (Id.).

Watts bears the burden of establishing that he is entitled to a reduction of his sentence based on extraordinary and compelling reasons. See United States v. Hamilton, 715 F.3d at 337.  However, Watts simply listed certain criteria from the Policy Statement and then stated that he met the criteria. Watts did not identify his medical condition or conditions and did not provide any information from his medical file or his case file.  In sum, there is no evidence or information in the record from which the Court could determine whether Watts' has met the criteria for a reduction of sentence based on extraordinary and compelling reasons. He should provide the Court with evidence to support his statements.

   III.  CARES Act

Watts also moves for release to serve the remainder of his sentence on home confinement as implemented by the CARES Act (62).  Previously, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."   Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney

General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to direct the BOP to consider Watts for home confinement or direct the BOP to place him in home confinement. Under 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement". Therefore, Watts' motion for relief pursuant to the CARES Act is denied.

**DONE** and **ORDERED** this 10th day of August 2020.

           **s / Kristi K. DuBose**
           **KRISTI K. DuBOSE**
           **CHIEF UNITED STATES DISTRICT JUDGE**