IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) Criminal Action No. 96-00093-KD-C |
| | ) |
| **JOHNNIE WATTS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on Defendant Johnnie Watts' Petition for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 62). Upon consideration, and for the reasons set forth herein, the Petition is DISMISSED without prejudice.

I. Background

In 1996, Watts was convicted by a jury of the offense of carjacking and using and carrying a firearm during and in relation to that offense (doc. 20, order on jury trial). United States District Judge Alex T. Howard sentenced Watts to a total term of imprisonment of 222 months (doc. 38, Judgment). The conviction and sentence were affirmed on appeal (doc. 49). Watts was incarcerated at Federal Correctional Institutional Edgefield, in Edgefield, South Carolina. At present, he is in the custody of the Bureau of Prisons Residential Reentry Management Field Office in Montgomery, Alabama. Watts is 65 years old. His estimated release date is August 6, 2021.

Watts filed a Petition for Sentence Reduction and/or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (doc. 62). Watts' Petition pursuant to the CARES Act was denied (doc. 63). However, he was granted leave to file an

amended Petition pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to address certain deficiencies in his original Petition (Id.). Specifically, the Court explained that Watts bore the burden of establishing extraordinary and compelling reasons for a reduction in sentence. The Court further explained that he could not meet that burden by simply stating, without any supporting evidence, that he exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), or by simply stating, without any supporting evidence, that he met certain criteria in the United States Sentencing Commission's Policy Statement § 1B1.13 and the Application Notes. Watts was warned that failure to file an amended Petition to cure these deficiencies would result in denial of the current Petition (Id.).

After receiving the Order, Watts moved the Court for additional time to file an amended Petition (doc. 65). His deadline was extended until October 26, 2020 (doc. 66). To date, Watts has not filed an amended Petition. Therefore, the Court will address his original Petition.

II. Analysis

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Watts does not allege that he made a request for compassionate release to the Warden and more than 30 days lapsed before he filed his Petition. He does allege that he "has exhausted all of his administrative remedies" (doc. 62, p. 3). However, Watts does not provide any evidence to support this conclusory statement. Watts, as the movant, bears the burden to establish that he is entitled to consideration for a reduction of sentence. See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case."). He cannot meet this burden by making a conclusory and unsupported statement that he exhausted his administrative remedies. Since Watts failed to provide any evidence to support this statement, he has not met the statutory prerequisites for the Court to consider his Petition. Accordingly, Watts' Petition is dismissed without prejudice.

However, even if Watts had provided evidence that he exhausted his administrative remedies, he is not entitled to a reduction in sentence. Watts cites to Policy Statement § 1B1.13 in the United States Sentencing Guidelines, which is the applicable policy statement for 18 U.S.C. § 3582(c)(1)(A). He also cites to the Application Notes to the Policy Statement, which list extraordinary and compelling reasons that could warrant compassionate release. U.S.S.G. § 1B1.13 cmt. n. 1-5 (Application Notes 1(A)-(D)). Watts then states that he "does not pose a threat to any other person or to the community" and that "evidence of rehabilitation from his own case file evidences 'Extraordinary and Compelling' circumstances" (doc. 32, p. 2-4). He also states that he "meets the Medical Condition and Family Circumstances", he "has a verifiable medical condition", he is "suffering from serious physical and medical conditions", and he "is also experiencing deteriorating physical and/or mental health as a result of his age and physical condition" all as "reflected in his medical file" (Id.). He also states that that the Covid-19

pandemic in combination with his medical conditions provides extraordinary and compelling reasons for compassionate release, other than those identified in Application Notes 1(A)-(C) (Id.).

However, Watts does not identify his physical or medical conditions or family circumstances or offer any information or evidence to support his statements that his physical or medical conditions, family circumstances, or rehabilitation would qualify him for compassionate release. Watts was given an opportunity to file an amended Petition and provide medical records or other evidence, but he failed to do so. Therefore, Watts' conclusory statements that he meets the criteria in the Policy Statement is the only information before the Court.

For example, Watts states that he "meets the … Family Circumstances" (doc. 62, p. 3). Application Note 1(C) states that the "family circumstance" of a prisoner may be an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. § 1B1.13 cmt. n. 1(C). Two criteria are given: "The death or incapacitation of the caregiver of the defendant's minor child or minor children" and "The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. However, Watts does not provide the Court with any information or evidence as to his specific family circumstance such that the Court could ascertain whether he meets these criteria.

As another example, Watts states that he is "suffering from serious physical and medical conditions, which is reflected in the Petitioner's medical file" and that he is "experiencing deteriorating physical and/or mental health as a result of his age and physical condition. This is also reflected in the Petitioner's medical file" (doc. 62, p. 4). **But Watts does not identify his "serious physical or medical condition" or provide the Court with a copy of his medical file**.

Watts also argues that the Covid 19 pandemic provides an extraordinary and compelling "reason other than or in combination with" the criteria listed in Application Note 1(A)-(C). U.S.S.G. § 1B1.13 cmt. n. 1(D).  However, Watts does not provide any evidence that he meets the criteria set forth in Application Notes 1(A)-(C).  Additionally, fear of contracting Covid 19, standing alone, is not an extraordinary and compelling reason for compassionate release "other than" those listed in Application Notes 1(A)-(C).  See Boles v. United States, No. CR 14-0199-WS, 2020 WL 6937722, at *2 (S.D. Ala. Nov. 24, 2020)  ("Nothing in [Bureau of Prisons Program Statement]  5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison.").

Since Watts failed to meet his burden to show any extraordinary and compelling reasons which warrant a reduction in his sentence, even if he had met the statutory exhaustion prerequisites for consideration, his Petition would be due to denied.

**DONE** and **ORDERED** this 7th day of December 2020.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**